IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DAMICHAEL ALLEN, | : | |
|---|---|---|
| Movant/Defendant, | : | |
| v. | : | Civ. Act. No. 12-1579-LPS |
| | : | Cr. Act. No. 10-64-LPS |
| UNITED STATES OF AMERICA, | : | |
| Respondent/Plaintiff. | : | |

Damichael Allen, *Pro se* Movant.

Edward J. McAndrew, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

## MEMORANDUM OPINION[1]

September 14, 2015
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Joseph J. Farnan, Jr., and was re-assigned to the undersigned's docket on August 17, 2010.

[signature]
**STARK, U.S. District Judge:**

## I. INTRODUCTION

Damichael Allen ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 26; D.I. 30) The United States Government ("Respondent") filed an Answer in Opposition. (D.I. 32) For the reasons discussed, the Court will deny Movant's § 2255 Motion as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2255(f) without holding an evidentiary hearing.

## II. BACKGROUND

On February 1, 2011, Movant pled guilty to a one count Indictment charging him with possession of a firearm by a person prohibited (18 U.S.C. § 922(g)(1) & § 924(a)(2)). (D.I. 12; D.I. 20) On May 3, 2011, the Court sentenced Movant to seventy-two months of imprisonment, to be followed by three years of supervised release. (D.I. 25) The judgment was entered on May 5, 2011. (D.I. 25) Movant did not appeal.

Movant filed the instant § 2255 Motion in November 2012 (D.I. 26), and he subsequently filed an amended § 2255 Motion (D.I. 30) (hereinafter referred to collectively as "Motion"). The Motion asserts two grounds for relief. First, Movant contends the sentencing guidelines range was incorrectly calculated because his two prior state convictions in North Carolina for breaking and entering do not qualify as "crimes of violence" punishable by more than one year of imprisonment under the Fourth Circuit decision *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (D.I. 26 at 2-3) According to Movant, pursuant to *Simmons*, his base offense level under the sentencing guidelines should have been 22, not 24, which would have reduced his sentencing range from 70-87 months to 57-71. Second, Movant asks the Court to consider his post-conviction rehabilitation if it decides to resentence him. (D.I. 30) Respondent filed an Answer in Opposition to Movant's § 2255 Motion,

1

arguing that the Motion should be dismissed as time-barred. (D.I. 32) Movant filed a Reply, asserting that his Motion should be considered timely filed under 2255(f)(4) or, alternatively, that equitable tolling applies to his case and renders his Motion timely filed. (D.I. 37)

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a § 2255 motion by federal prisoners. *See* 28 U.S.C. § 2255. The one-year limitations period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitations period is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010) (equitable tolling applies in § 2254 proceedings); *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (explaining that one-year limitations period set forth in § 2255 is also subject to equitable tolling).

Movant does not allege, and the Court cannot discern, any facts triggering the application of § 2255(f)(2). However, in his Reply to the Government's Answer, Movant contends that he is entitled to a later filing date under § 2255(f)(4), because he could not have discovered the fact that his North Carolina convictions were "eradicated" until the Fourth Circuit decided *Simmons* on August 17, 2011. Given the premise of Movant's assertion, the Court also liberally construes Movant's argument as an attempt to trigger a later starting date for the limitations period under

2

§ 2255(f)(3).

Neither argument is availing. First, § 2255(f)(3) does not apply in this case because *Simmons* is a not a Supreme Court decision recognizing a new right. Additionally, even though the *Simmons* decision was based on the Supreme Court's June 2010 decision, *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010),[2] § 2255(f)(3) still does not apply, because the rule announced in *Carachuri-Rosendo* was not made retroactively applicable. Second, since *Simmons* and *Carachuri-Rosendo* were not decisions rendered in Movant's own litigation history that affected his legal status, they do not constitute a factual predicate for his claim capable of triggering a later starting date for the limitations period under § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183-84 (4th Cir. 2014). For these reasons, the Court concludes that the one-year period of limitations began to run when Movant's conviction became final under § 2255(f)(1).

Here, Movant's judgment of conviction was entered on May 5, 2011, and he did not appeal. Consequently, his conviction became final on May 19, 2011, the date on which the fourteen-day period for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Thus, to comply with the one-year limitations period, Movant had to file his § 2255 Motion no later than May 19, 2012. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

---

[2]"In *Carachuri-Rosendo*, the Supreme Court held that the question of whether a prior conviction is an 'aggravated felony' as used in the Immigration and Nationality Act must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct." *United States v. Powell*, 691 F.3d 554, 555 (4th Cir. 2012). In *Simmons*, the Fourth Circuit applied the *Carachuri-Rosendo* analysis and held that, when deciding whether to enhance federal sentences based on prior North Carolina convictions, the sentencing court must look to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history, and not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record. *See id.* at 556.

3

Movant did not file the instant § 2255 Motion until November 20, 2012,[3] approximately six months after the expiration of the filing deadline. Hence, the instant § 2255 Motion must be dismissed as time-barred, unless equitable tolling is available.

The one-year limitations period may tolled for equitable reasons only if a movant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49. Equitable tolling is not available where the late filing is due to a movant's excusable neglect. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004); *Miller*, 145 F.3d at 618-19. Consistent with these principles, the Third Circuit has limited equitable tolling of § 2255's limitations period to the following circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Here, Movant appears to assert that the *Simmons* decision constitutes the "extraordinary circumstance" that compelled him to file the instant Motion, thereby warranting equitable tolling through August 17, 2012 (one year from the date on which *Simmons* was decided). This argument is not persuasive. As a general rule, court rulings in a case in which the movant is a non-party do not constitute extraordinary circumstances for equitable tolling purposes. *See Pemberton v. United States*, 2015 WL 2072002, at *2 (M.D.N.C. May 4, 2015). Notably, even if *Simmons* "made a collateral attack on [Movant's] sentence more plausible, nothing prevented [Movant] from filing his [motion] within the one-year statute of limitations." *Whiteside*, 775 F.3d at 185. Indeed, "many defendants []

---

[3]Pursuant to the prison mailbox rule, the Court adopts the date on the Motion -- November 20, 2012 -- as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it prison officials for mailing...").

4

filed suits prior to *Simmons* asserting the exact substantive claim" Movant has asserted. *Id.* at 186. Additionally, to the extent Movant's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Thus, because the doctrine of equitable tolling is not available to Movant on the facts he has presented, the Court will deny the instant Motion as time-barred.

## IV. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that it must deny Movant's § 2255 Motion as time-barred, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

5

## VI. CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Additionally, the Court will not issue a certificate of appealability. The Court shall issue an appropriate Order.